Elgin, Joliet & Eastern Railway Company v. Sarah Ann Thomas, Administratrix, etc.

. Gen. No. 4,328.

1. PASSENGER—*how proof of status of, made.* It is competent to prove by parol that one who lost his life in a railroad accident had upon his person at the time of his death a ticket entitling him to passage on the train upon which he received his injury; the ticket itself need not be produced.

2. ORDINARY CARE—*when carrier owes, to one upon its tracks.* Where a person is by the implied consent of a carrier, upon its tracks, such carrier owes to such person the duty of exercising ordinary care, and failure in this renders it liable for resulting injury; and the mere fact that no agent of such carrier knew of the presence of such person upon its tracks is not material.

3. GROSS NEGLIGENCE—*what evidence of.* Where a carrier knew, or by the exercise of the slightest attention might have known of the presence of cattle cars upon its tracks, around or about which a person or persons were employed, it is gross negligence to make a running switch and throw a string of freight cars into the yard without warning.

4. RIGHT OF RECOVERY—*approved instruction upon, in death case.* An instruction upon this subject as follows: "The jury are instructed that if you find from the evidence that the defendant is guilty of the negligence charged in either the first or second count of the declaration and that the same resulted in the death of David E. Thomas, then the

plaintiff is entitled to recover in this action for the benefit of the widow and next of kin of said deceased such damages as the jury may deem, from the evidence and proof, a fair and just compensation for whatever pecuniary damage, if any, the evidence shows that the said widow and next of kin have sustained by reason of said death, not exceeding five thousand dollars,"— is approved.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Grundy County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

K. K. KNAPP and J. L. O'DONNELL, for appellant.

REEVES & BOYS and D. R. ANDERSON, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an action on the case for negligently causing the death of plaintiff's husband, David E. Thomas. A trial by jury resulted in a verdict for plaintiff below for $2,300, upon which judgment was rendered and the defendant appeals.

Appellee's intestate was run over and killed by some freight cars in appellant's yard at Roundout, in Lake county, on the 24th day of October, 1902. The deceased lived in Grundy county, and was at the time of his death in charge of three carloads of cattle which he had shipped from Veedum, Wisconsin, over the Chicago, Milwaukee & St. Paul Railroad to Dell Abbe, Grundy county, which was the destination of the cattle. At Roundout, the C., M. & St. P. R. R. and appellant connected by means of a " Y " switch over which cars were switched from one road to the other. On the morning of the accident the three cars of cattle and a car of horses in charge of a coachman by the name of Reddick, were brought into Roundout and switched over the " Y " on the tracks of appellant; these cars were placed on one of the sidetracks of appellant, the car of horses forming the west end of the string while the three cattle cars were east on the same track. After the cars containing his cattle had been switched over to appellant's yard, the deceased came to where the cattle cars stood on the track and walked along the sides of

the car looking after his cattle. Mr. Reddick was in the horse car at that time. After examining his cattle and talking with a car inspector of appellant he passed down to Mr. Reddick's car and spoke with him for a short time. Deceased then crossed over north where a farmer was operating some machinery and sat on the fence and watched the machinery, after which he again returned to Mr. Reddick's car and was invited in and remained there quite a while, being entertained by Reddick playing a musical instrument. While here-a freight train on appellant's road pulled in and the deceased told Reddick that was the train that would take them out and started to the caboose; to reach the caboose it was necessary for deceased to pass over another track in the yards on which were a number of coal and freight cars but no engine was attached to these cars. An engine of appellant made a running switch of a string of cars and threw them in on the track containing the dead freight cars and against these cars with great force, striking the east end of the string of dead cars just as the deceased was between the rails at the west end, thereby knocking him down and killing him. No person was in charge of brakes or otherwise had control of the car that struck the deceased or of those other cars that had been thrown against them, and no warning of any kind was given that the cars were going to be moved. At the close of appellee's evidence appellant asked the court to direct a verdict, which was denied, and thereupon the case was submitted to the jury upon the appellee's evidence alone and the instructions of the court.

A son of the deceased was permitted, over the objection of appellant, to state that he found railroad transportation for his father, in his satchel, from Veedum to Dell Abbe, which is the point where deceased would have gotten off appellant's car. Manifestly, the object of this evidence was to show that the deceased had been a passenger upon the C., M. & St. P. road and had a right to go to the caboose to be carried home. The specific objection made to the evidence was that it was a matter provable only by the

written ticket or pass. We do not agree with the appellant in this view. It was not the contents of a writing that was in issue, but simply the fact that such a writing was found among the personal effects of the deceased. A similar question arose in Chicago City Ry. Co. v. Carroll, 206 Ill. 318, which was an action for personal injury received by Carroll while passing from one street car to another on a different line of the same company. He had paid his fare and received a transfer entitling him to ride on the connecting line, which was found in his pocket after the injury. Referring to the question of the contention that the court had erred in permitting Carroll and his son to testify to the existence of the transfer after the injurẏ, our Supreme Court says : " Appellee testified that he had a transfer, and his son testified that when he was brought home a transfer was taken out of his pocket. No witness denied that he had a transfer or that he had received it in the regular way. It is now urged that because a transfer paper itself was not offered in evidence and is not in record, that is fatal to appellee's case. We do not think so. The action was not upon the transfer paper. It was a mere incident to appellee's right. It was sufficient that the undisputed evidence showed, or tended to show, that appellee did receive a transfer, and in consequence of that, and by virtue of it, was a passenger on both lines of appellant while making a continuous journey to his destination." Counsel for appellant insist that plaintiff's intestate was either a passenger, a mere licensee or a trespasser; that he cannot be regarded as a passenger of the appellant road for the reason that no proof is offered that he had ever become a passenger by any contract with any agent or person shown to have authority to create such relation. In the view we take of this case it is not necessary to hold that the evidence shows the relation of passenger and carrier to have existed between plaintiff's intestate and the appellant. It is not disputed that the three cars containing the cattle had been s̟witched into the yards of appellant by the C., M. & St. P. R. R. Co.; that the car in-

spector of appellant inspected and repaired the cars very soon after their arrival. It must be held under the evidence that the cars were rightfully placed in the yard of appellant. They were soon thereafter placed in a train and hauled by appellant to their destination in Grundy county without any other directions or agreement with the owner, than such as had been made with the C., M. & St. P. road. The appellant by accepting and hauling the cattle cars has furnished strong presumptive evidence that there was some permission given and consent to the delivery of the same to it by its connecting lines. The owner of the cattle had implied consent of appellant to cross over the yards and to look after his property. The case is controlled by the doctrine applied to persons who are rightfully upon the railroad track or near it for the purpose of loading or unloading freight. In such case the company owes such persons the duty of exercising reasonable care for their safety. Am. & Eng. Ency., 2nd ed., vol. 23, p. 739. The fact that no agent of appellant knew that plaintiff's intestate was there can make no difference. Appellant knew or by the exercise of the slightest attention might have known these cattle cars were there, and to make a running switch and throw a string of freight cars into the yard without any warning is evidence of gross negligence, and will justify a verdict in behalf of any one who is rightfully upon the yards and is thereby injured while he is in the exercise of reasonable care for his own safety. Watson v. Wabash, St. L. & P. Ry. Co., 66 Iowa, 164, is a case where the injury was inflicted upon the plaintiff by switching cars in against other cars from which the plaintiff was unloading freight. It was not known to any agent of the company that the plaintiff or any person was there at the time, but it is held that it made no difference whether the company had such knowledge or not, plaintiff was rightfully there by the implied invitation of the company and it owed him the duty to exercise reasonable care for his safety. See also Wabash Ry. Co. v. Locke, 112 Ind. 404.

From what has been said it sufficiently appears that in

our opinion the court did not err in refusing to direct a verdict. The court at the request of the plaintiff, gave the jury one instruction only, which is as follows:

" The jury are instructed that if you find from the evidence that the defendant is guilty of the negligence charged in either the first or second count of the declaration, and that the same resulted in the death of David E. Thomas, then the plaintiff is entitled to recover in this action for the benefit of the widow and next of kin of said deceased, such damages as the jury may deem, from the evidence and proof, a fair and just compensation for whatever pecuniary damage, if any, the evidence shows that the said widow and next of kin have sustained by reason of said death, not exceeding five thousand dollars."

The giving of this instruction is complained of as error. The objection urged against the instruction is that it directs a verdict without the element of the due care of the deceased, which is an essential element of appellee's case. Without going into a discussion of the instructions, it is sufficient to say that an instruction in substance like this one, has been sustained by our Supreme Court in I. C. R. R. Co. v Gilbert, 157 Ill. 354.

Other assignments of error relating to the excessiveness of the verdict, the contributory negligence of plaintiff's intestate, a variance between the proofs and the declaration, have all been carefully considered, and having reached the conclusion that there is no reversible error in the record we deem it unnecessary to extend this discussion to the other assignments of error

The judgment is affirmed.                    *Affirmed.*